IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID JOHN ROYHOUSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-660-M |
| ) | |
| BILL MILLER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION
# CONCERNING CLASS CERTIFICATION

In a civil rights complaint, Mr. Royhouse challenges the conditions of confinement at the Washita County Jail. Stating that other inmates at that facility are experiencing the same "issues," the Plaintiff has requested class certification. Such action would only be appropriate if Mr. Royhouse could serve as an adequate representative for the class. *See* Fed. R. Civ. P. 23(a)(4). Mr. Royhouse bears the burden of proof on this issue,[1] and he cannot do so because he is:

- housed apart from other class members,

- impoverished, and

- *pro se*.

As a result, the Court should deny the motion for class certification.

---

[1]  *See Pilots Against Illegal Dues (Paid) v. Air Line Pilots Association*, 938 F.2d 1123, 1134 (10th Cir. 1991) ("The burden of showing the adequacy of representation was on the plaintiffs below and [they] have not demonstrated to us that they met this burden.").

First, the Plaintiff is no longer housed at the Washita County Jail[2] and would likely encounter limits in his ability to communicate with other class members.[3]

Second, Mr. Royhouse would lack the financial resources to vigorously litigate on behalf of other class members. The Plaintiff could not prepay the filing fee,[4] and his lack of funds would prevent adequate pursuit of class objectives.[5] As one federal appellate court noted: "Class lawsuits can be frightfully expensive: the costs (apart from legal fees) include not only the notice to the class but also the reporter's fees for depositions, duplication

---

[2]   *See* Motion to Permit Maintenance of a Class Action at p. 1 (July 5, 2007) (Doc. 23) (Mr. Royhouse's statement that he is now in the custody of the Oklahoma Department of Corrections).

[3]   *See Clark v. Whetsel*, Case No. CIV-00-41-M, slip op. at 5 (W.D. Okla. Mar. 24, 2000) (Doc. 40) (unpublished report and recommendation by magistrate judge, concluding that a *pro se* inmate was an inadequate representative in part because of his separation from other prospective class members and related difficulties in communication), *adopted* (W.D. Okla. Sept. 28, 2000) (Doc. 57) (unpublished order by district judge).

[4]   *See* Order Granting Leave to Proceed (*in Forma Pauperis*) (June 20, 2007) (Doc. 11); Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Pursuant to 28 U.S.C. § 1915 & 28 U.S.C. 1746 for Prisoner Cases) (June 8, 2007) (Doc. 2).

[5]   In *Sanderson v. Winner*, 507 F.2d 477 (10th Cir. 1974) (*per curiam*), the Tenth Circuit Court of Appeals disallowed discovery into the plaintiffs' financial information in consideration of whether they could adequately represent a class. *Sanderson v. Winner*, 507 F.2d at 479-80. In doing so, however, the court acknowledged: "We recognize that the class action is unique and we see the necessity for the court to be satisfied that the plaintiff or plaintiffs can pay the notice costs, and we also agree fully with the Court's ruling in Eisen that due process requires decent notice." *Id.* at 479-80. Accordingly, the appeals court pointed out that some district court "decisions have considered the plaintiff's ability to pay as relevant and proper" when a "legitimate concern [exists] about the ability of the plaintiffs to successfully lead a class" of great magnitude. *Id.* at 480. Thus, *Sanderson v. Winner* does not prevent consideration of Mr. Royhouse's financial condition. *See*, *e.g.*, *State v. Southwestern Bell Telephone Co.*, 2002 WL 398796, Westlaw op. at 5 (N.D. Okla. Mar. 4, 2002) (unpublished op.) (acknowledging that a plaintiff need not disclose financial statements to prove adequate representation, but noting that "a plaintiff's inability to finance . . . notification seriously calls into question the plaintiff's ability to adequately represent the proposed class").

expenses, payments to express delivery services, and the like." *Rand v. Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991); *see also Pinson v. Watkins*, 2006 WL 1620323, Westlaw op. at 1-2 (W.D. Okla. June 7, 2006) (unpublished op.) (the plaintiff's lack of financial resources limited his ability to adequately represent the interests of a class); *Brown v. Corrections Corporation of America*, Case No. CIV-99-1308-T, slip op. at 1 (W.D. Okla. Mar. 8, 2001) (Thompson, J.) (Doc. 65) (unpublished op.) ("The plaintiffs have not satisfied the requirements of Fed.R.Civ.P. 23(a), as they have failed to demonstrate that they can adequately protect the interests of the class; it is highly unlikely that the plaintiffs would be able to fund adequate notice and discovery." (footnote omitted)); *accord Duprey v. State of Connecticut Department of Motor Vehicles*, 191 F.R.D. 329, 338 (D. Conn. 2000).[6]

Third, the Plaintiff is not an attorney and he lacks legal representation. *See Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (upholding the denial of a motion to certify a class because the *pro se* litigant could not adequately represent the interests of the class).

For these reasons, the Plaintiff cannot serve as an adequate representative and the Court should deny his request for class certification.

---

[6] In *Duprey v. State of Connecticut Department of Motor Vehicles*, the court stated: "The ability and willingness of the named plaintiff to finance a lawsuit are pertinent factors in the determination of whether the named plaintiff is an adequate representative of the class. If the lawsuit is not financed adequately, then it probably cannot be prosecuted vigorously." 191 F.R.D. at 338 (citation omitted).

The Plaintiff is advised of his right to file an objection with the Clerk of this Court. The deadline for objections is August 6, 2007.  *See* 28 U.S.C. § 636(b)(1) (2000). The failure to timely object would result in waiver of the right to appeal an order denying class certification.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral is not terminated.

Entered this 17th day of July, 2007.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge