IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID JOHN ROYHOUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-660-M |
| | ) |
| BILL MILLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Plaintiff David Royhouse is a state prisoner who alleges unconstitutional conditions of confinement at the Washita County Jail. According to the Plaintiff, he experienced:

- a delay in medical treatment,

- an inability to utilize grievance procedures, and

- the denial of access to "legal copies," law books, and supplies to write the Oklahoma Attorney General.

*See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 2, 4-6 (June 8, 2007) ("Complaint").[1]

---

[1] All of the parties refer to other claims which had not appeared in the complaint. For example, the Defendants address purported claims involving delay in the mailing of legal pleadings. *See* Defendants', Bill Miller, Carol Cannon, and Richard Lively, Motion for Summary Judgment and Brief in Support at p. 2 (Jan. 7, 2008) ("Defendants' Motion for Summary Judgment"). And Mr. Royhouse refers to claims involving conspiracy, interference with legal proceedings, and retaliation. *See* Plaintiff's, Motion for Summary Judgment, and Brief in Support with Exhibits at pp. 3, 6-9, 12 (Jan. 18, 2008) ("Plaintiff's Motion for Summary Judgment"). Because none of these claims appeared in the complaint, they are not part of the action. *See Fisher v. Metropolitan Life Insurance Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990) (stating that a claim raised for the first time in response to a defendant's motion for summary judgment was not properly before the district court).

The parties have filed cross-motions for summary judgment. The Court should grant the summary judgment motion filed by Defendants Miller, Cannon, and Lively. This ruling would moot Mr. Royhouse's dispositive motion.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is necessary when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When a summary judgment motion is filed, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

## ALLEGED DELIBERATE INDIFFERENCE
## TO A SERIOUS MEDICAL NEED

The Plaintiff alleges deliberate indifference through a refusal to provide a bandage and salve for his open sores. Complaint at p. 4. There are no material facts in dispute, and the Defendants are entitled to summary judgment on this claim.

All parties agree that Mr. Royhouse requested medical treatment for his preexisting cancerous sores on April 30, 2007. *See id.* at p. 2; Defendants' Motion for Summary Judgment at p. 3. A jail physician examined the Plaintiff on May 16, 2007, determined that immediate treatment was unnecessary, and did not prescribe a bandage or salve for Mr. Royhouse's sores. *See* Complaint at p. 4; Defendants' Motion for Summary Judgment at pp.

3-4. Authorities transferred Mr. Royhouse to the Oklahoma Department of Corrections ("DOC") on June 21, 2007;[2] and seven days later, the Plaintiff received a bandage and salve.[3]

Mr. Royhouse alleges a constitutional violation stemming from the Defendants' failure to provide him with a bandage and salve for his "raw" and "bleeding" sores. According to the Plaintiff, these items were necessary to prevent "foreign diseases." Complaint at p. 4; Plaintiff's Motion for Summary Judgment at pp. 4-5. The Defendants argue that their alleged actions did not reflect deliberate indifference and that there was no evidence of substantial harm from the delay. Defendants' Motion for Summary Judgment at p. 10. The Defendants are correct.

The Eighth Amendment requires prison officials to "provide humane conditions of confinement" for inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).[4] As a result, deliberate indifference to a prisoner's serious illness or injury is actionable under Section 1983. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). A prison official violates the Eighth Amendment when the deprivation was "sufficiently serious" and resulted from

---

[2]   *See* Plaintiff's Motion for Summary Judgment at p. 5; Defendants' Motion for Summary Judgment at p. 5.

[3]   *See* Plaintiff's Motion for Summary Judgment at p. 5 (indicating that DOC physicians prescribed the bandages and salve); Defendants' Motion for Summary Judgment, Exhibit 2 at p. 111 (the plaintiff's deposition testimony stating that the DOC had provided treatment on June 28, 2007).

[4]   Because the Plaintiff was a pretrial detainee at the relevant time, his claims are governed by the Fourteenth Amendment's Due Process Clause. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). The scope of this protection is coextensive with the Eighth Amendment. *See id.*

"deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). However, a delay in medical care violates the Eighth Amendment only if the passage of time had resulted in substantial harm. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001). "[T]he substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (citations omitted).

The Plaintiff's version of events would not create liability because two elements are missing: Deliberate indifference and substantial harm from the delay in treatment.

The Defendants present unrebutted evidence that Dr. Hall examined Mr. Royhouse, concluded that the skin condition did not involve a medical emergency, and recommended transfer to a DOC institution to facilitate treatment. Defendants' Motion for Summary Judgment, Exhibit 6 at p. 3. The undisputed evidence is that the transfer took place 36 days later. *Id.*, Exhibit 2 at p. 68. Thus, the unrefuted evidence is that the attending doctor did not view the condition as an emergency and that jail officials followed his recommendation.

The Tenth Circuit Court of Appeals addressed a similar situation in *Johnson v. Mullin*, 422 F.3d 1184 (10th Cir. 2005). There a prisoner sued under Section 1983 for failure to provide dental care. *Johnson v. Mullin*, 422 F.3d at 1185. An attending doctor allegedly told the prisoner that he needed to see a dentist. *See id.* at 1186. Nonetheless, the plaintiff had to wait approximately one month before he could see a dentist. *See id.* On these facts, the district court denied summary judgment to the defendants, but the Tenth

Circuit Court of Appeals reversed. *Id.* at 1185-87. The appeals court reasoned that "no one with the authority to do so ever classified plaintiff's case as an emergency." *Id.* at 1187. Although a doctor allegedly told the plaintiff that he needed immediate dental care, the physician did not follow the prison policy to declare a dental emergency. *Id.* In the absence of a doctor's statement to the defendants that the condition involved an emergency, the Eighth Amendment claim failed for lack of deliberate indifference.

Under *Johnson v. Mullin*, these undisputed facts would compel summary judgment for the Defendants on the element of deliberate indifference. In that case, officials waited approximately one month to provide a dentist after a prison doctor had allegedly told the inmate that his condition involved an emergency. *See supra* p. 4. Here officials waited approximately one month to do what the doctor recommended after he disavowed the existence of an emergency. *See supra* p. 4. If the defendants in *Johnson v. Mullin* could not be regarded as deliberately indifferent, the same is true here.

The second missing element in the claim is substantial harm from the delay in treatment. *See supra* pp. 3-4. Mr. Royhouse does not present evidence of substantial harm from the passage of time before officials gave him bandages and salve. Instead, the Plaintiff argues that speedier treatment would have reduced the chance of a "foreign disease." *See supra* p. 4. The shortcoming in the theory is the absence of any evidence of an actual disease caused by the delay in treatment. The absence of such a disease or any other actual harm is fatal to the Eighth Amendment claim. *See Troutt v. Correctional Healthcare Management,*

*Inc.*, Case No. CIV-04-1750-C (W.D. Okla. July 17, 2006) (unpublished report and recommendation by magistrate judge), *adopted* (W.D. Okla. Aug. 14, 2006) (unpublished order by district judge), *aff'd*, Case No. 06-6273 (10th Cir. Sept. 24, 2007) (unpublished op.).[5]

In the absence of evidence involving deliberate indifference or substantial harm from the delay in treatment, the Defendants are entitled to summary judgment on the Eighth Amendment claim.

## ALLEGED INTERFERENCE WITH ACCESS TO THE COURTS

Finally, the Plaintiff alleges interference with court access when the Defendants failed to provide grievance forms, declined to respond to grievances, and disallowed legal copies, law books, and supplies for correspondence. Complaint at p. 5. As the Defendants argue, Mr. Royhouse has failed to present evidence of an actual injury.

The Fourteenth Amendment guarantees Mr. Royhouse "the right to 'adequate, effective, and meaningful' access to the courts." *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993). However, to prevail on a denial of court access claim, the Plaintiff must show

---

[5]  In *Troutt v. Correctional Healthcare Management, Inc.*, the plaintiff was a prisoner who allegedly had Hepatitis C. *See Troutt v. Correctional Healthcare Management, Inc.*, Case No. CIV-04-1750-C, slip op. at 11 (W.D. Okla. July 17, 2006) (unpublished report and recommendation by magistrate judge), *adopted* (W.D. Okla. Aug. 14, 2006) (unpublished order by district judge), *aff'd*, Case No. 06-6273 (10th Cir. Sept. 24, 2007) (unpublished op.). In part, the prisoner claimed that he had not received vaccinations for Hepatitis A or B while he was at a county detention center. *See id.* at 13 n.12. The Western District of Oklahoma rejected the claim because the plaintiff did not ultimately contract Hepatitis A or B. *Id*. "Therefore, Defendants' failure to vaccinate Plaintiff for these diseases before his transfer to DOC custody did not result in substantial harm and did not constitute deliberate indifference to Plaintiff's serious medical needs." *Id*.

"actual injury." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Mr. Royhouse has not presented any evidence regarding this element of the claim.

First, he admits that he was able to send the Oklahoma Attorney General a letter notwithstanding the alleged lack of supplies. *See* Complaint at p. 5.

Second, the Plaintiff makes only a general allegation about the unavailability of legal copies and law books. *See id.* This conclusory allegation does not satisfy the Plaintiff's burden to present evidence of an impediment to the pursuit of a legal claim.[6]

Third, the Plaintiff does not present any evidence of an inability to access the courts because of a lack of grievance forms or answers to grievances.

Without evidence of an actual injury, the Defendants are entitled to summary judgment on this claim.

---

[6]  *See, e.g.*, *Farrell v. Campbell*, 6 Fed. Appx. 830, 832 (10th Cir. Apr. 16, 2001) (unpublished op.) (sweeping allegations concerning the denial of legal materials are insufficient to show "actual injury"); *Brown v. Sales*, 134 F.3d 382, 1998 WL 42527, Westlaw op. at 1 (10th Cir. Feb. 4, 1998) (unpublished op.) (upholding summary judgment for prison officials when the plaintiff had presented only conclusory allegations regarding a deprivation of legal materials).

## SUGGESTED RULING AND IMPACT
## ON THE PLAINTIFF'S DISPOSITIVE MOTION

The Defendants are entitled to summary judgment. This ruling would moot Mr. Royhouse's dispositive motion.[7]

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by March 13, 2008. *See* W.D. Okla. Local Civil Rule 72.1. The failure to timely object would foreclose appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF THE REFERRAL

The referral is not terminated in light of the contemporaneous discovery order. But adoption of the present report would automatically terminate the proceedings and the referral.

---

[7] *See Hutchinson v. Pfeil*, 211 F.3d 1278, 2000 WL 345688, Westlaw op. at 1 (10th Cir. Apr. 4, 2000) (unpublished op.) (affirming the district court's grant of summary judgment for the defendant and deeming the plaintiff's cross-motion for summary judgment moot); *see also Overton v. United States*, 2002 WL 741641, Westlaw op. at 2 (W.D. Okla. Mar. 19, 2002) (Leonard, J.) (unpublished op.) (denying the plaintiff's motion for summary judgment in light of the dismissal of his allegations for failure to state a valid claim), *aff'd*, 44 Fed. Appx. 932 (10th Cir. Aug. 22, 2002) (unpublished op.).

Entered this 22nd day of February, 2008.

_____
Robert E. Bacharach
United States Magistrate Judge