IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID JOHN ROYHOUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-660-M |
| | ) |
| BILL MILLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Mr. Royhouse moves for voluntary dismissal of his pending claims without prejudice, and the Defendants object.[1] The Court should deny the Plaintiff's motion.

Under Federal Rule of Civil Procedure 41(a)(2), the critical issue is whether the Defendants would suffer legal prejudice from voluntary dismissal. *See Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). To determine whether dismissal would be prejudicial, the Court considers:

- the Defendants' efforts and expense of trial preparation,

- excessive delay and lack of diligence on the Plaintiff's part,

- sufficiency of Mr. Royhouse's explanation of the need for dismissal, and

- the present stage of the litigation.

---

[1] Federal Rule of Civil Procedure 41(a)(1) authorizes voluntary dismissal of a cause of action at the plaintiff's request. However, because the Defendants filed answers and object to voluntary dismissal, the Plaintiff must obtain court approval under Fed. R. Civ. P. 41(a)(2) for the dismissal. *See* Defendant Carol Cannon's Answer to Plaintiff's Complaint (Oct. 2, 2007); Defendant Richard Lively's Answer to Plaintiff's Complaint (Oct. 2, 2007); Defendant Bill Miller's Answer to Plaintiff's Complaint (Oct. 2, 2007); Response to Plaintiff's Motion to Dismiss Without Prejudice at p. 1 (Mar. 28, 2008).

*See id.* "These factors need not all be resolved in favor of [Mr. Royhouse] for dismissal to be appropriate; likewise, they need not all be resolved in favor of the [Defendants] opposing the motion to dismiss." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996).

The relevant factors weigh heavily against voluntary dismissal.

For example, the Defendants have moved for summary judgment[2] and taken Mr. Royhouse's deposition.[3] The Defendants' expenditure of time and resources suggest prejudice from voluntary dismissal.

Against the backdrop of the Defendants' efforts, Mr. Royhouse has not acted promptly. After filing the complaint, he waited over nine months to seek voluntary dismissal. By that time, the undersigned had already recommended an award of summary judgment to the Defendants.[4] The Plaintiff's delay further suggests prejudice from voluntary dismissal.

Mr. Royhouse's explanation also weighs against dismissal. The Plaintiff states that he is being "medically evaluated through the Veteran Administration Clinic" and is waiting to hire private counsel until the medical evaluation is finished.[5] But the undersigned has

---

[2]   *See* Defendants', Bill Miller, Carol Cannon, and Richard Lively, Motion for Summary Judgment and Brief in Support (Jan. 7, 2008).

[3]   *See* Defendants', Bill Miller, Carol Cannon, and Richard Lively, Motion for Summary Judgment and Brief in Support, Exhibit 2 (Jan. 7, 2008).

[4]   *See* Report and Recommendation at pp. 2-7 (Feb. 22, 2008).

[5]   Motion to Dismiss Without Prejudice (Mar. 12, 2008).

recommended summary judgment for the Defendants based on the absence of evidence involving deliberate indifference to the Plaintiff's medical needs.[6]  Mr. Royhouse fails to explain how evaluation of his current medical condition would affect the viability of this determination.

Finally, the present stage of the litigation weighs against Mr. Royhouse's request.  "[A] party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice."  *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) (citation omitted).  The undersigned has recommended an award of summary judgment to the Defendants,[7] and the Plaintiff did not object to that recommendation.  If adopted, all of Mr. Royhouse's claims would be terminated with prejudice[8] rather than without prejudice.  The pendency of a recommendation for summary judgment weighs heavily against voluntary dismissal without prejudice.[9]

---

[6]     *See* Report and Recommendation at pp. 4-5 (Feb. 22, 2008).

[7]     *See supra* pp. 2-3.

[8]     *See Moody v. United States*, 202 F.3d 282, 1999 WL 1127634, Westlaw op. at 2 (10th Cir. Dec. 9, 1999) (unpublished op.) ("We agree dismissals under summary judgment are 'with prejudice' and may preclude any subsequent action in the district court." (citation omitted)).

[9]     *See Go Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 174-75, 177 (4th Cir. 2007) (upholding rescission of an order allowing voluntary dismissal, after an adverse ruling, to prevent the "plaintiffs from litigating, losing, and then wiping the slate clean" (citation omitted));  *Davis v. Huskipower Outdoor Equipment Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) (upholding denial of a motion for voluntary dismissal after the magistrate judge had issued an adverse recommendation); *see also Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 951 (8th Cir. 1999) (upholding the denial of a motion for voluntary dismissal in part because the claimant was seeking to avoid an adverse decision).

For the foregoing reasons, the Court should deny the Plaintiff's motion for voluntary dismissal.

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by May 12, 2008. *See* W.D. Okla. Local Civil Rule 72.1. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF THE REFERRAL

The referral is terminated.

Entered this 21st day of April, 2008.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge